IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:13-CV-811-D

| | |
|---|---|
| JACKIE BLUE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )     **ORDER** |
| | ) |
| TRI-PLAYER INVESTMENTS, LLC, | ) |
| | ) |
| Defendant. | ) |

On November 21, 2013, Jackie Blue ("Blue" or "plaintiff") filed a complaint against Tri-Player Investments, LLC ("Tri-Player"), alleging violations of Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12181–12189 ("ADA"). See Compl. [D.E. 1]. On December 12, 2013, Tri-Player answered the complaint and moved to dismiss for failure to join a party under Federal Rule of Civil Procedure 19. See [D.E. 8]; Fed. R. Civ. P. 12(b)(7). On January 7, 2014, Tri-Player filed a memorandum in support of its motion to dismiss [D.E. 10]. On January 9, 2014, Blue responded in opposition [D.E. 11]. As explained below, the court denies the motion to dismiss.

I.

Blue suffers from multiple sclerosis and cannot walk. See Compl. ¶¶ 4–5. Blue frequently shops at the Westwood Shopping Center ("Westwood") in Fayetteville, North Carolina, and intends to continue shopping at Westwood. See id. ¶¶ 4–6. Tri-Player owns Westwood and leases space to commercial tenants there. See id. ¶¶ 1, 8.

Blue last visited Westwood on August 8, 2013. See id. ¶ 5 & Ex. A. Blue alleges that, during that visit, she encountered various barriers to access in the shopping center's parking lot and

common areas. See id. ¶¶ 4, 7, 11. Blue's complaint mentions certain barriers to access located in space controlled by the shopping center's tenants, but does not name any tenants as defendants. See id. ¶ 11 (discussing "protruding objects," "tables [that] do not provide the required knee height and/or depth ranges," and service counters more than 3 feet above the floor).

In her complaint, Blue alleges violations of Title III of the ADA, which grants rights to disabled customers of businesses that qualify as places of public accommodation, such as Westwood. Blue seeks declaratory and injunctive relief, as well as attorney's fees, costs, and litigation expenses. See id. 9.

In its motion to dismiss Blue's complaint under Rule 12(b)(7), Tri-Player contends that Monterrey Mexican Restaurant of Fayetteville, Inc. ("Monterrey"), a tenant at Westwood, must be joined as a party to Blue's suit pursuant to Rule 19. See Mem. Supp. Mot. Dismiss [D.E. 10] 2–3. Under Rule 19, the court employs a two-step inquiry. See, e.g., Home Buyers Warranty Corp. v. Hanna, 750 F.3d 427, 433–36 (4th Cir. 2014); Owens-Illinois, Inc. v. Meade, 186 F.3d 435, 440–42 (4th Cir. 1999); Teamsters Local Union No. 171 v. Keal Driveaway Co., 173 F.3d 915, 917–20 (4th Cir. 1999); Cnty. of Brunswick v. Bond Safeguard Ins. Co., Nos. 7:12-CV-123-D, 7:12-CV-124-D, 2013 WL 663720, at *2–8 (E.D.N.C. Feb. 22, 2013) (unpublished). First, under Rule 19(a), the court must determine "whether a party is necessary to [the] proceeding because of its relationship to the matter under consideration." Teamsters Local Union No. 171, 173 F.3d at 917. If a "necessary" party has not been joined as required, the court must order that the absent party be joined. See Owens-Illinois, Inc., 186 F.3d at 440. If the court can do so, dismissal is not a proper remedy. Second, if the party is necessary to the proceeding but joining it would deprive the court of subject-matter jurisdiction, the court must decide under Rule 19(b) "whether the proceeding can continue in that party's absence"—in other words, whether the "necessary" party is "indispensable"

2

to the litigation. Teamsters Local Union No. 171, 173 F.3d at 917–18. If the court finds that the litigation cannot proceed in the party's absence, the court must dismiss the case. See, e.g., Home Buyers Warranty Corp., 750 F.3d at 436–37.

As the moving party, the defendant bears the burden of demonstrating that the plaintiff has failed to join a necessary party. See Am. Gen. Life & Accident Ins. Co. v. Wood, 429 F.3d 83, 92 (4th Cir. 2005). Ultimately, the defendant must "show that the person who was not joined is needed for a just adjudication." Id. (quotation omitted).

Tri-Player has not met its burden under Rule 12(b)(7). Blue alleges that she encountered various barriers to access in Westwood's parking lot and common areas, see Compl. ¶¶ 4, 7, 11, and seeks an injunction ordering Tri-Player "to alter Westwood . . . to make [its] facilities readily accessible and usable" or to close Westwood until it removes the alleged barriers to access. Compl. ¶ 17. Blue does not mention Monterrey or any other Westwood tenant in her complaint, and does not seek injunctive relief against any Westwood tenant.[1] To the extent that Blue mentions certain barriers to access located in space controlled by Westwood's tenants, the court treats those allegations as mere surplusage. If Blue wishes to allege violations of the ADA against Monterrey or any other Westwood tenant, she would have to seek to amend her complaint and name those tenants as defendants. Thus, the court denies Tri-Player's motion to dismiss.

---

[1] Exhibit A to Blue's complaint is a receipt from Monterrey dated August 8, 2013. Blue attaches the receipt only to show when she last visited Westwood. See Compl. ¶ 5.

3

II.

In sum, the court DENIES Tri-Player's motion to dismiss [D.E. 8].

SO ORDERED. This _1_ day of August 2014.

JAMES C. DEVER III
Chief United States District Judge

4